**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23877-ALTMAN**

**MANY OBENSON**,

*Petitioner*,

*v.*

**KROME PROCESSING CENTER**,

*Respondent*.
_________________________/

**ORDER**

Many Obenson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention in the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* Petition [ECF No. 1]. Obenson says that he has "been detained by immigration for 8 months with no bond hearing," has "an Asylum case pending," and wants "a bond release until a decision is made." Pet. at 7. He therefore asks us to release him "while [his] case is pending." *Id.* at 8 (cleaned up). The Respondent counters that Obenson's removal order became final on May 29, 2026, when he waived his right to appeal, and that he is now lawfully detained under 8 U.S.C. § 1231(a). *See* Response [ECF No. 6] at 4–7. Because that change in posture moots the only claim Obenson raised, we **DISMISS** the Petition as moot.

**THE FACTS**

Obenson is a "citizen or national of Haiti." Declaration of Deportation Officer Christian Rivera ("Rivera Decl.") [ECF No. 6-2] ¶ 6. He applied for admission to the United States at the Otay Mesa Port of Entry on June 8, 2013, and DHS later served him with a Notice to Appear, charging him

as inadmissible under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *See* Notice to Appear [ECF No. 6-1] at 1, 3; Rivera Decl. ¶¶ 7–9.

Obenson filed an application for immigration relief in August 2014, and, on April 21, 2015, the Immigration Judge ("IJ") administratively closed his removal proceedings. *See* Rivera Decl. ¶ 10; April 21, 2015 IJ Order [ECF No. 6-3] at 1.

Over the next several years, Obenson accumulated a series of state arrests and convictions, including convictions for driving-related offenses and battery. *See* Rivera Decl. ¶¶ 12–20; December 6, 2022 Plea Agreement [ECF No. 6-4]; February 20, 2024 Judgment [ECF No. 6-5]; September 10, 2025 Judgment [ECF No. 6-7]; September 10, 2025 Plea Agreement [ECF No. 6-8]. ERO took Obenson into custody on September 10, 2025, and later transferred him to Krome North Service Processing Center. *See* Rivera Decl. ¶ 20; Detention History [ECF No. 6-9] at 1. On September 26, 2025, the IJ granted DHS's motion to re-calendar his removal proceedings. *See* September 26, 2025 IJ Order [ECF No. 6-10] at 1.

Obenson filed this Petition on May 26, 2026.[1] *See* Pet. at 8. Three days later, on May 29, 2026, the IJ held a merits hearing. *See* Rivera Decl. ¶ 22. At that hearing, Obenson, through counsel, "withdrew his 2014 application for relief," and the IJ "ordered him removed to Haiti." *Ibid.* The written order likewise reflects that Obenson "was ordered removed to Haiti" and that both parties "waived" their rights to appeal. May 29, 2026 IJ Order [ECF No. 6-11] at 3–4.

[1] Although the Petition was docketed several days later, we treat May 14, 2026, as the filing date. "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (cleaned up). And, "[a]bsent evidence to the contrary, [we assume] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (cleaned up).

## THE LAW

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C. § 2241(c)(3)). This provision allows persons to challenge the legality of their "immigration-related detention[.]" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (cleaned up); *see also Guo Xing Song v. U.S. Att'y Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("[S]o long as an alien does not challenge a final order of removal, district courts retain jurisdiction under § 2241 to review habeas petitions, including challenges to an alien's detention." (cleaned up)).

## ANALYSIS

We have the inherent authority to dismiss *sua sponte* any case that becomes moot. *See Pac. Ins. Co. v. Gen. Dev. Corp.*, 28 F.3d 1093, 1096 (11th Cir. 1994) ("It is incumbent upon this court to consider issues of mootness *sua sponte* and, absent an applicable exception to the mootness doctrine, to dismiss any [action] that no longer presents a viable case or controversy."). A case becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).

Obenson's Petition is now moot. He challenged his "immigration custody for 8 months with no bond," Pet. at 4, explaining that he had "an Asylum case pending" and wanted "a bond release until a decision is made," *id.* at 7. He therefore asked us to release him "while [his] case [was] pending" so that he could "finish [his] case outside with [his] fiance." *Id.* at 8 (cleaned up). Three days after Obenson filed the Petition, however, the IJ ordered him "removed to Haiti" and Obenson "waived" his right to appeal. May 29, 2026 IJ Order at 3–4. His removal order therefore became final that day. *See* 8 C.F.R. § 1003.39 ("[T]he decision of the Immigration Judge becomes final upon waiver of appeal[.]" (cleaned up)).

That "fundamentally changes the procedural posture of the case." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003). Obenson is now detained "pursuant to a wholly different statute[,] 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *Ibid.* And, because the Government is no longer detaining Obenson under the authority governing his pre-removal detention, any opinion on whether that earlier detention entitled him to a bond hearing would be "purely advisory in nature, and therefore this issue has become moot." *Ibid.*; *see also Mohammad v. Creel*, 2014 WL 204426, at *2 (N.D. Fla. Jan. 17, 2014) (Hinkle, J.) ("Because Petitioner is no longer held under the pre-removal statute, § 1226(c), but is now detained pursuant to the removal statute, § 1231, a decision from this Court concerning the prior period of detention would not provide Petitioner the habeas relief he seeks because his detention during the time this case has been pending is authorized under § 1231.").

There are two exceptions to the mootness doctrine, but those only apply when: (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Neither exception applies here. *First*, the collateral-consequences exception doesn't apply because nothing in our record shows—and Obenson hasn't identified—any "disabilities or burdens which may flow" from the pre-removal detention Obenson challenges. *Carafas*, 391 U.S. at 237. In fact, Obenson remains within *Zadvydas*'s six-month "presumptively reasonable period of detention," 533 U.S. at 701, so his current post-removal detention cannot supply a continuing injury from the pre-removal detention he challenges. *Two*, the exception for actions that are capable of repetition yet evading review also doesn't apply to Obenson's case because "the controversy at issue"—namely, the legality of Obenson's pre-removal detention—"necessarily cannot arise again, as [Obenson] is now, and will be, subject to a final order of deportation." *De La Teja*, 321 F.3d at 1363 n.3. So, we **DISMISS as moot** Obenson's Petition.

* * *

After careful review, we **ORDER AND ADJUDGE** that Many Obenson's Petition for a Writ of Habeas Corpus [ECF No. 1] is **DISMISSED as moot**. All pending motions are **DENIED as moot**, and all deadlines are **TERMINATED**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 18, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Many Obenson, *pro se*
counsel of record